IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DONALD R. WIELD,

                Plaintiff,

   v.                                                 ORDER
                                                      07-cv-570-jcs
JOHN BETT,

                Defendants.
_____

    Plaintiff Donald R. Wield was allowed to proceed on his due process claim against defendant John Bett.  In his complaint plaintiff alleges that the Wisconsin Administrative Code §DOC 309.466 9 is unconstitutional as applied to him because he is serving a life sentence without parole.

    On November 27, 2007 defendant moved to dismiss plaintiff's complaint for failure to state a claim for relief under federal law.  This motion has been fully briefed and is ready for decision.

## FACTS

    For purposes of deciding defendant's motion to dismiss the facts alleged in plaintiff's complaint are taken as true.

    Plaintiff Donald R. Wield is currently incarcerated at the Columbia Correctional Institution, Portage, Wisconsin serving a life sentence without the possibility of parole.  Defendant John

Bett is the Administrator of the Department of Corrections' Division of Adult Institutions.

Under Wisconsin Administrative Code §DOC 309.466(1), a release account is created for an inmate by diverting 15% of each deposit to his or her general account, once victim and witness assistance surcharges have been fully paid and the inmate has been transferred to a permanent placement. The deductions continue until the amount in the release account reaches $500.00.

The purpose of the release account is to provide an inmate with sufficient funds when released from the institution to purchase release clothing, out-of-state transportation and other items and services needed on release. § DOC309.02(18). Money from this account can only be withdrawn upon or in preparation for release. § DOC 309.466(2). Release accounts can be made available for paying an inmate's court filing fees according to the State Court. Spence v. Cooke, 222 Wis. 2d 530, 537, 587 N.W.2d 904 (Ct. App. 1998).

## MEMORANDUM

Plaintiff claims that the diversion of 15% of his income to a release account which he will never be able to use violates his due process rights. Defendant contends that plaintiff's allegations in his complaint do not support a due process claim.

The Courts have held that an inmate cannot state a substantive due process claim for the deprivation of his property interest in

the money placed in his release account.  Sahagian v. Dickey, 646 F. Supp. 1502 (W.D. Wis. 1986); Richards v. Cullen, 150 Wis. Ed 935, 442 N.W. 2d 574 (Ct. App. 1989).

In Richards, the inmate was serving a life sentence.  The Court found that the inmate had a property interest in the funds which implicates procedural due process.  In determining what procedural due process is required the Court considered three factors: 1) the nature of the private property interest affected by the government's action; 2) the risk that the process used may result in an erroneous deprivation of that property interest and 3) the importance of the governmental interest at stake including the function involved and the fiscal and administrative burdens that additional procedural requirements would entail.

Plaintiff's private interest in the control of 15% of his income up to $500.00 is minor.  Id. at 941.  Further there is little risk of erroneous deprivation because all inmates receive monthly statements of their accounts and can monitor the deductions.  Id.  But most important the governmental interest at stake, the successful reintegration of inmates into society upon their release, is substantial.  Id.  Given the substantial governmental interest there is no requirement for any additional procedural requirements.  Id.

The Court is persuaded by the reasoning in Richards that plaintiff has not stated a procedural due process claim.

Accordingly, defendant's motion to dismiss plaintiff's complaint for failure to state a claim for relief will be granted.

Plaintiff is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his claim must be dismissed.  <u>See Newlin v. Helman</u>, 123 F.3d 429, 433 (7th Cir. 1997).

### ORDER

IT IS ORDERED that defendant's motion to dismiss plaintiff's complaint is GRANTED.

IT IS FURTHER ORDERED that judgment be entered DISMISSING plaintiff's complaint and all claims contained therein with prejudice and costs.

Entered this 2nd day of January, 2008.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge